UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
September 17, 2020
David J. Bradley, Clerk

Michael Ashley Hohnstein, §
§
Plaintiff, §
§
versus §     Civil Action H-18-1177
§
Andrew Saul, §
§
Defendant. §

# Opinion on Summary Judgment

I.  *Introduction.*

The question is whether substantial evidence supports the commissioner's decision that Michael Hohnstein is not disabled under the Social Security Act. It does.

2.  *Standard of Review.*

Hohnstein brought this action for judicial review of the commissioner's final decision to deny his disability insurance benefits. *See* 42 U.S.C. §§ 205(g), 405(g) (2005).

Judicial review is limited to determining whether substantial evidence in the record supports the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3. *Statutory Criteria.*

The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if he works for substantial gain. Second, a claimant is not disabled unless he has been medically impaired for at least twelve months. Third, a claimant is not disabled unless his impairment meets one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on his capacity to work. If the claimant is able to perform his past work, he is not disabled. Fifth, a claimant is not disabled if he can adjust to other work that is a significant part of the national economy. 20 C.F.R. §404.1520(a) (2003).

4. *Evidence.*

A. *Background.*

Hohnstein is a 58-year-old man who says that he is disabled by pulmonary embolisms, deep vein thrombosis, and anxiety. He says these cause him to have difficulty concentrating and swelling and pain while standing, sitting, or walking.

Hohnstein has a college education and has worked as a telemarketer, sales clerk, and paralegal. When he applied for social security on June 17, 2013, he said that his disability had begun on February 27, 2013.

The hearing officer found that Hohnstein's disability did not meet a listed impairment. He decided that Hohnstein could work in a number of positions, including telemarketer, sales clerk, and assembler of cellphones, and also adjust to other work in the national economy.

B. *Application.*

The hearing officer properly found that Hohnstein was not disabled. The process was correctly followed.

First, Hohnstein has not been gainfully employed. Second, Hohnstein has been impaired for more than four months. The hearing officer found that Hohnstein's deep vein thrombosis was severely impairing him. However, the hearing officer found the

anxiety was not severely impairing him because the record did not show Hohnstein sought related treatment or received a diagnosis. Third, none of Hohnstein's impairments met one listed. Fourth, the officer correctly determined that Hohnstein would be able to perform his past work despite his physical condition. Fifth, the officer correctly considered the combined effects of his impairments and concluded that Hohnstein could adjust to another type of work.

To determine if Hohnstein was disabled, the officer considered all of the evidence from 2013 to 2014. The extent and impact of the impairments Hohnstein complains of are inconsistent with the objective medical evidence and other evidence of record. He generally complained of swelling and pain that made it difficult to sit and stand for extended periods. Hohnstein concluded that he was unable to work, yet he still exercised regularly and frequently drove to and from Louisiana. His doctor's records indicate that he appeared to have no acute symptoms and had a normal range of motion, no edema, no tenderness, normal gait, and normal muscle tone. Despite the opinion of the state medical consultant regarding his anxiety, Hohnstein did not initiate related medical treatment and the medical records did not include a diagnosis. There was enough evidence from Hohnstein and his doctors to show that despite some limitations, Hohnstein is still capable of performing light work to earn an income.

5. *Conclusion.*

The commissioner's decision denying Michael Hohnstein's claim for disability insurance is supported by substantial evidence and will be affirmed. Michael Hohnstein will take nothing from Andrew Saul.

Signed on September 17, 2020 at Houston, Texas.

Lynn N. Hughes
United States District Judge